UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TROY HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20CV975 HEA |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff for disability insurance benefits and supplemental security income benefits under Titles II and XVI, 42 U.S.C. §§ 401-434, 1381-1385, respectively. The Court has reviewed the filings and the administrative record as a whole which includes the hearing transcript and medical evidence. The decision of the Commissioner will be affirmed.

## Background

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed applications for disability insurance benefits on February 12, 2018 and supplemental security insurance on March 2, 2018.  A hearing was held on August 21, 2019 in front of an ALJ. The ALJ determined that Plaintiff was not under a disability at any time from his alleged onset date of August 10, 2017. In her decision, the ALJ found Plaintiff had the severe impairments of degenerative disc disease, status post lumbar fusion surgery; degenerative joint disease of the knees and ankles; calcaneal spurs; osteoarthritis of the right hand; plantar fasciitis; carpal tunnel syndrome; polyneuropathy; and obesity. However, the ALJ found that he did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. While the ALJ found none of Plaintiff's impairments met or equaled a listed impairment, she did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he must use a cane to ambulate, but can still lift, carry, push, and pull within standard sedentary limits.  He cannot operate foot controls.  He can frequently reach, handle, finger, and feel He can never climb ropes, ladders, or scaffolds.  He can occasionally stoop, and never kneel, crouch, or crawl, but can occasionally climb ramps and stairs, and occasionally stoop. He can have no exposure to unprotected heights or hazardous machinery.

Based on vocational expert testimony, the ALJ found Plaintiff could perform work such as a hand assembler, machine tender, and table worker.

The decision of the ALJ stands as the final decision of the Commissioner.

**<u>Hearing Testimony</u>**

Plaintiff testified he was born on January 3, 1971, making him 48 years old at the time of the hearing and at his onset date in June 2017, he was 46. He is 5'7" tall and weighed 230 pounds He had gained about 30 pounds since he was working because of lack of physical activity. He has a GED and was formerly a journeyman carpenter.

Plaintiff further testified that he stopped working because one day he couldn't stand up at work.  He felt a pain in his groin that shot down his right leg.  The pain has not improved and has gone to his left testicle and done the same as in his right testicle to his leg.  He has a cane and sometimes uses a walker to help him get up at home.  He can stand for ten minutes and if he pushes that further, he cannot walk for two to three days.   He uses pillows to elevate his legs.  His hips and spine and testicles hurt if he sits.  He uses a recliner rather than sitting in a chair.  His hands start aching and swelling up if he uses them for more than a couple of minutes. He does not lift.

On a typical day, Plaintiff testified that he sits in his recliner.  He watches the news and will use the walker to move around if he hurts badly.  He loses focus because of the pain and is unable to do things with his son, which causes him to become aggravated.

A Vocational Expert (VE) testified that Plaintiff's past work was as a

journeyman carpenter. The ALJ posed the following hypothetical: an individual with the Plaintiff's same age, education, and past job, limited to sedentary work with never operating foot controls, can frequently reach, handle, finger and feel, no climbing ropes, ladders, or scaffolds, can occasionally stoop, but never kneel, crouch or crawl; can frequently reach and handle; no exposure to unprotected heights or hazardous machinery. The VE testified that person cannot perform Plaintiff's past work but could perform the following sedentary jobs (1) hand assembler; (2) machine tender; and (3) table worker.

A second hypothetical added the use of a cane to ambulate but still lift, carry, push, or pull within the sedentary limits. The VE did not change her testimony, however in the third hypothetical wherein the individual could only stand or walk for ten minutes before needing to sit down, she found there are no jobs in the national economy that allow for that.

## **Legal Standard**

To be eligible for DBI under the Social Security Act, Plaintiff must prove that he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if his

physical or mental impairment or impairments are of such severity that he is not

only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists

in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine

whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482

U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is

currently engaged in substantial gainful activity. At Step Two, the ALJ considers

whether the claimant has a "severe" impairment or combination of impairments. At

Step Three, the ALJ determines whether the severe impairment(s) meets or

medically equals the severity of a listed impairment; if so, the claimant is

determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four.

At Step Four of the process, the ALJ must assess the claimant's residual functional

capacity (RFC) – that is, the most the claimant is able to do despite her physical

and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and

determine whether the claimant is able to perform any past relevant work. *Goff v.

Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at fourth step

of process).

The claimant bears the burden through Step Four of the analysis. If he meets this burden and shows that he is unable to perform his past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with his impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**RFC**

A claimant's residual functional capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations.  *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## <u>Decision of the ALJ</u>

At Step One of the decision from October 16, 2019, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 10, 2017, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease, status post lumbar fusion surgery; degenerative joint disease of the knees and ankles; calcaneal spurs; osteoarthritis of the right hand; plantar fasciitis; carpal tunnel syndrome; polyneuropathy; and obesity. However, the ALJ found that he did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. While the ALJ found none of Plaintiff's impairments met or equaled a listed impairment, she did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity

("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) and

416.967(a) except he must use a cane to ambulate, but can still lift, carry, push, and

pull within standard sedentary limits.  He cannot operate foot controls.  He can

frequently reach, handle, finger, and feel He can never climb ropes, ladders, or

scaffolds.  He can occasionally stoop, and never kneel, crouch, or crawl, but can

occasionally climb ramps and stairs, and occasionally stoop. He can have no

exposure to unprotected heights or hazardous machinery

At Step Four, the ALJ found Plaintiff unable to perform his past relevant

work as a journeyman carpenter. At Step Five, the ALJ found that there are jobs

that exist in significant number in the national economy that Plaintiff could

perform, such as a hand assembler, machine tender, and table worker. Therefore,

the ALJ found Plaintiff not disabled.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision

of the Commissioner is consistent with the Social Security Act, regulations, and

applicable case law, and whether the findings of fact are supported by substantial

evidence on the record as a whole. The issue here is (1) whether the ALJ properly

applied the pain standard; (2) whether the RFC is supported by substantial

evidence and by medical evidence from any physicians; and (3) whether the ALJ

properly evaluated the opinion evidence

## Discussion

**Whether the ALJ properly applied the pain standard**

Plaintiff argues the ALJ erred by failing to consider the factors enumerated in SSR 96-7p[2], and 20 C.F.R. § 404.1929(c)(3)(i)-(vii). Plaintiff contends the ALJ gave no detailed treasons for discrediting Plaintiff's testimony and repeatedly indicated Plaintiff's subjective complaints of pain are inconsistent with objective evidence.  The ALJ, however, did not merely indicate Plaintiff's complaints of pain are inconsistent.  Rather, the ALJ analyzed the objective evidence in the record in reaching the conclusion that Plaintiff's complaints were inconsistent. The objective evidence establishes that while Plaintiff complained of groin and hip pain, ultrasounds showed no evidence of testicular torsion or inguinal hernia. Physical therapy established that Plaintiff was able to perform all exercises requested of him, albeit demonstrating pain gestures and exhibiting loss of balance. There was no evidence in the record that Plaintiff had any marked limitations in physical or mental functioning.

The ALJ carefully detailed her findings through her discussion of the medical evidence. She noted that Plaintiff's gait remained independent without an assistive device throughout the longitudinal records.  Plaintiff was able to prepare

---

[2] SSR 96-7p was superseded by Social Security Ruling 16-3p Titles II and XVI: Evaluations of Symptoms in Disability Claims, 2017 WL 5180304 (S.S.A. Oct. 25, 2017), which applies to "determinations and decisions on or after March 28, 2016." *Id*. at *1.

simple meals, feed himself, and attend to personal care. Plaintiff had no significant compromise of a nerve root or the spinal cord. Plaintiff's carpal tunnel syndrome in his left wrist was established in the 2018 nerve studies to be mild and only borderline carpal tunnel syndrome in the right wrist. Plaintiff's knees, hips, and ankles showed mild to moderate conditions.

Plaintiff had a neurosurgery evaluation in October 2017. He demonstrated full strength and symmetric reflexes. The surgeons recommended conservative chiropractic care and injections.

The ALJ noted throughout her decision that Plaintiff did experience pain and her decision is based on his subjective complaints of pain in conjunction with the medical record. In determining Plaintiff's RFC, the ALJ factored in Plaintiff's physical impairments and the pain associated therewith. While the ALJ did not set forth specifically the factors she considered in determining the credibility of Plaintiff's claims of pain, she articulated her reasons for her conclusions.

In *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), the Eighth Circuit held, in evaluating a claimant's subjective complaints and related functional limitations, the ALJ should consider: the absence of objective medical evidence; the claimant's prior work record; and observations by third parties (including treating and examining physicians) regarding such matters as (1) the claimant's daily activities; (2) the duration, frequency, and intensity of pain or other symptoms; (3) any

precipitating and aggravating factor; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *Polaski*, 739 F.2d at 1322. The Eighth Circuit also recognized "[t]he ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *See Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). If the ALJ explicitly discredits a claimant's subjective complaints and gives good reasons, the Eighth Circuit has held it will defer to the ALJ's judgment, even if the ALJ does not cite to *Polaski* or discuss every factor in depth. *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).

**Whether the RFC is supported by substantial evidence and by medical evidence from any physicians**

Plaintiff argues the ALJ substituted her judgment for that of Plaintiff's physician in reaching Plaintiff's RFC.  Plaintiff's position is misguided.  The RFC of sedentary work assisted with a cane clearly demonstrates the ALJ considered the medical opinions since Plaintiff's primary care physician prescribed a cane. Indeed, the ALJ assessed Plaintiff's limitations and found the consulting physician's assessment that Plaintiff could perform light work too strenuous for Plaintiff, thereby limiting Plaintiff to sedentary work with restrictions.

All the relevant evidence supports the ALJ's RFC determination.  She examined the entire record, and her opinion is substantially supported by the evidence before her.

**Whether the ALJ properly evaluated the opinion evidence**

Plaintiff claims the ALJ failed to properly evaluate the opinion evidence of his treating physician.  Fr. Chris Friesen rendered his opinion in August 2019 finding Plaintiff could not perform a sedentary range of work.  As the Commissioner correctly argues, Dr. Friesen's opinion is inconsistent with his own notes finding Plaintiff had 5/5 grip strength, negative straight leg rising in August 2017, 5/5 strength, and normal coordination.

Likewise, Dr. Friesen's opinion is inconsistent with the radiographic and diagnostic tests showing mild conditions in Plaintiff's lumbar spine and mild to moderate conditions in his knees, hip, and ankles.  Plaintiff's carpal tunnel syndrome does not rise to the level of a severe impairment in either hand to support a finding of disability.

As previously noted, Dr. Jung's opinion was only partially considered because his findings did not include Plaintiff's later conditions requiring a more restrictive RFC.  The ALJ did not improperly evaluate the opinion evidence when considering the record as a whole.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is

**AFFIRMED.**

A separate judgment shall be entered incorporating this Memorandum and

Order.

Dated this 22nd  day of November 2021.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE